**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ST. LOUIS COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:26-cv-001340 |

**DEFENDANT VANTAPRO SPECIALTY INSURANCE COMPANY'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S PETITION**

Defendant Vantapro Specialty Insurance Company ("Vantapro"), by and through its counsel, BatesCarey LLP, submits its Answer and Counterclaim to the Petition of Plaintiff, St. Louis County ("STLCO").

For its Anwer to STLCO's Petition, Vantapro states as follows:

**Background**

1. This is an action for declaratory relief pursuant to § 527.010, et seq., Rule 87.01, et seq., and for breaches of insurance policy contracts ("Claims for Relief"). All the Claims for Relief relate to the alleged wrongful prosecution, conviction and imprisonment of Lawrence Callanan ("Callanan") of murder in St. Louis County Circuit Court in 1996. On May 30, 2020, the Supreme Court of Missouri entered an Order setting aside Callanan's conviction, resulting in his release from prison a few days later; in its Order, the Supreme Court granted Callanan's request for habeas corpus relief, based, in substantial part, upon a finding of misconduct attributable to the lead prosecutor. See State ex rel. Callanan v Griffith, No. SC95443 (Mo. May 29, 2020). At all relevant times, the lead prosecutor was acting in the course and scope of his employment by Plaintiff St. Louis County ("STLCO").

**<u>ANSWER</u>:** Vantapro admits that Plaintiff purports to bring this action for declaratory relief and for alleged breaches of insurance policy contracts. Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Lawrence Callanan's prosecution, conviction, imprisonment, release, and the referenced order of the Supreme Court of Missouri, and therefore denies the same. Vantapro denies that STLCO is entitled to any relief from Vantapro.

2. Soon after Mr. Callanan's release, he hired counsel. Ultimately, that lawyer made demand against SLCO for payment of a substantial sum of money to compensate him for the injuries he suffered by virtue of his unlawful conviction and ensuant imprisonment for twenty-four-plus years ("Alleged Injury Period").

**<u>ANSWER</u>:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

**<u>Parties</u>**

3. Plaintiff STLCO is a political subdivision of the State of Missouri and a constitutional charter county that exists pursuant to Art. § 18 (a) of the Missouri Constitution.

**<u>ANSWER</u>:** Vantapro admits, upon information and belief, that Plaintiff is a political subdivision of the State of Missouri. Vantapro denies the remaining allegations, if any, of this paragraph.

4. Defendant Scottsdale Insurance ("Scottsdale") is a foreign insurance company authorized to do business in Missouri.

**<u>ANSWER</u>:** Vantapro lacks knowledge sufficient to admit or deny these allegations and therefore denies same.

5. Defendant Starr Indemnity and Liability Company ("Starr") is a foreign insurance company authorized to do business in Missouri.

**<u>ANSWER</u>:** Vantapro lacks knowledge sufficient to admit or deny these allegations and therefore denies same.

6. Defendant Allied World Insurance Company ("Allied World") is a foreign insurance company authorized to do business in Missouri.

**<u>ANSWER</u>:** Admitted.

7. Defendant The Insurance Company of the State of Pennsylvania ("Pennsylvania") is a foreign insurance company authorized to do business in Missouri.

**<u>ANSWER</u>:** Vantapro lacks knowledge sufficient to admit or deny these allegations and therefore denies same.

8. Defendant Lexington Insurance Company ("Lexington") is a foreign insurance company authorized to do business in Missouri.

**<u>ANSWER</u>:** Vantapro lacks knowledge sufficient to admit or deny these allegations and therefore denies same.

9. Defendant Vantapro Specialty Insurance Company ("Vantapro") is a foreign insurance company.

**<u>ANSWER</u>:** Admitted.

10. Gemini Insurance Company ("Gemini") is a foreign insurance company. (The Defendants shall be referenced hereinafter collectively as "Defendant Insurers").

**<u>ANSWER</u>:** Vantapro lacks knowledge sufficient to admit or deny these allegations and therefore denies same.

**<u>Venue</u>**

11. Venue is appropriate in this Court pursuant to § 508.010.4, RSMo, in that STLCO was first injured by Defendants' actions in St. Louis County, Missouri.

**<u>ANSWER</u>:** The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Vantapro denies the allegations of this paragraph

and specifically denies that STLCO was injured by any act or omission of Vantapro. Further, following removal of this case from the Circuit Court of St. Louis County, Missouri, venue is governed by federal, not state law. Vantapro admits that venue is proper in this Court.

## General Allegations

12. Lawrence Callanan was convicted of murder in St. Louis County Circuit Court in 1996. He was sentenced to life in prison (plus 30 years).

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

13. On May 29, 2020, after Mr. Callanan had been imprisoned for more than twenty-four years, the Supreme Court of Missouri entered its Order setting aside his conviction, and he was released from prison a few days later. See State ex rel. Callanan v Griffith, No. SC95443 (Mo. May 29, 2020).

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

14. The set-aside order was based on an alleged wrongful prosecution involving violations of various fundamental civil and legal rights that Mr. Callanan enjoyed, amounting to prosecutorial misconduct. Id. The State declined to re-try Callanan.

**ANSWER:** The allegations of this paragraph state legal conclusions and characterizations to which no response is required. To the extent a response is required, Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

15. Through counsel, Mr. Callanan contacted STLCO thereafter asserting that Callanan was legally entitled to financial compensation for personal and bodily injuries he suffered over the continuous course of his incarceration as a result of the alleged acts and omissions committed by STLCO, its agents and employees, that led to Callanan’s incarceration (“Callanan Claims”).

**<u>ANSWER</u>:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

16. Among other things, the Callanan Claims sounded in officials' and employees' deliberate indifference to, and wanton and reckless violations of Callanan's legal and civil rights, including negligent infliction of emotional distress, failure to train and supervise, and failure to implement adequate safeguarding polices, regulations, customs, practice and discipline concerning the conduct of prosecuting attorneys.

**<u>ANSWER</u>:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

17. Callanan demanded that STLCO pay Mr. Callanan financial compensation for the personal and bodily injuries he contended he suffered over a continuous course of his incarceration

**<u>ANSWER</u>:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

18. In exchange for premiums paid by STLCO, the Defendant Insurers collectively provided continuous coverage to STLCO from January 1, 1998 though the day of Callanan's release from prison. During this time, Callanan alleged that he suffered every day, constituting serial injuries spanning a period of time exceeding twenty-four years.

**<u>ANSWER</u>:** Vantapro admits that it issued the Vantapro Policy identified below, the terms of which speak for themselves. Vantapro denies that the Callanan Claims are covered under the Vantapro Policy and denies the remaining allegations directed to Vantapro. Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations directed to the other Defendant Insurers and as to Callanan's alleged injuries, and therefore denies the same.

19. STLCO gave timely individual written notice of the Callanan Claims to all the Defendant Insurers.

**ANSWER:** Vantapro admits only that STLCO tendered the Callanan Claims to Vantapro. Vantapro denies that any such notice was timely or otherwise satisfied the conditions of the Vantapro Policy and denies the remaining allegations directed to Vantapro. Vantapro lacks knowledge or information sufficient to form a belief as to the notice allegedly given to the other Defendant Insurers and therefore denies those allegations.

20. Prior to Callanan filing suit against STLCO, STLCO and Callanan agreed to participate in mediation in an attempt to resolve the Callanan Claims without litigation.

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

21. A mediation of the Callanan Claims was initially scheduled for June 9, 2021, but that mediation was postponed to enable, among other things, the Defendant Insurers additional time to familiarize themselves with the bases for Callanan Claims and adequately assess their coverage positions.

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

22. STLCO and Callanan attended mediation on July 20, 2021.

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

23. All Defendant Insurers were advised of and attended the mediation.

**ANSWER:** Vantapro admits that it was advised of the mediation. Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendant Insurers and therefore denies the same, and denies the remaining allegations of this paragraph.

24. As a result of the mediation, on July 30, 2021 STLCO finalized a settlement with Callanan whereby STLCO agreed to pay Callanan the amount of $6,625,000.00 in exchange for a complete release of all of Callanan's claims ("Callanan Settlement").

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

25. Defendant Insurers were at all times advised of the Callanan Settlement, but refused to make any payment on behalf of STLCO towards the Callanan Settlement, despite demand being made therefor.

**ANSWER:** Vantapro admits that it has not made payment toward the Callanan Settlement and states that it owes no coverage or payment. Vantapro denies the remaining allegations directed to Vantapro and lacks knowledge or information sufficient to form a belief as to the conduct of the other Defendant Insurers and therefore denies those allegations.

26. All of the Defendant Insurers advised STLCO that their respective policies afforded no coverage for the Callanan Claims.

**ANSWER:** Vantapro admits that it advised STLCO that the Vantapro Policy affords no coverage for the Callanan Claims. Vantapro lacks knowledge or information sufficient to form a belief as to the positions taken by the other Defendant Insurers and therefore denies those allegations.

27. STLCO and Callanan subsequently fulfilled the terms of the Callanan Settlement, and STLCO issued payment in the amount of $6,625,000.00 to Callanan on or about August 6, 2021. ("Callanan Settlement").

**ANSWER:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

28. STLCO thereafter demanded $4,635,000.00 from the Defendant Insurers collectively, representing the total amount of STLCO's obligation under the Callanan Settlement, less STLCO's $2,000,000.00 retainage.

**ANSWER:** Vantapro admits that STLCO made a demand upon the Defendant Insurers collectively. Vantapro denies that it owes any amount to STLCO and denies the remaining allegations of this paragraph.

29. In the aggregate, all of the insurance policies referenced above shall hereinafter be described collectively as the "Defendants' Policies".

**ANSWER:** This paragraph states a definition to which no response is required. To the extent a response is required, Vantapro admits only that it issued the Vantapro Policy, which speaks for itself, and denies the remaining allegations.

30. All of the Defendants' Policies afford coverage to STLCO for an "Occurrence", that take place within the applicable policy coverage period, for either (or both) a "bodily injury" or a "personal injury". Further, all of the Defendants' Policies are injury-based, whereby coverage is triggered, not by the act that caused harm, but instead is invoked by the happening of an enumerated injury within the policy period. [Ferguson v. St. Paul, 597 S.W. 3d 249, 254 (Mo. App. W.D. 2019)]. Thus, in the factual setting described in this Petition, the Occurrences that the Callanan Claim complains about constitute covered harms and injuries that Mr. Callanan suffered each day that he was unlawfully incarcerated as a consequence of the alleged wrongful conviction in 1996 and his ensuant claimed unlawful imprisonment.

**ANSWER:** The allegations of this paragraph state legal conclusions and characterizations of the Defendants' Policies to which no response is required. To the extent a response is required, Vantapro states that the Vantapro Policy speaks for itself, denies any allegation inconsistent with its terms, and denies that the Callanan Claims constitute covered Occurrences or covered harms under the Vantapro Policy.

31. All of the Defendants Policies, including the Lexington Policy, contain Retained Limits provisions. The applicability of these provisions is a defense that the Defendant Insurers are obligated to plead and prove.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Vantapro states that the Vantapro Policy speaks for itself, denies any allegation inconsistent with its terms, and expressly reserves all rights and defenses, including those based on retained limits and all other policy terms, conditions, exclusions, and limitations.

**Count I – Breach of Contract Against Defendant Lexington**

32. STLCO restates the allegations in paragraphs 1 through 31, above.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

33. Defendant Lexington issued five consecutive special excess liability policies of insurance to STLCO affording coverage for the policy periods of:

a) January 1, 1998 to January 1, 1999 (policy number 8898440, attached hereto as Exhibit A);

b) January 1, 1999 to January 1, 2000 (policy number 8539655, attached hereto as Exhibit B);

c) January 1, 2000 to January 1, 2001 (policy number 8539697, attached hereto as Exhibit C);

d) January 1, 2001 to January 1, 2002 (policy number 8539751, attached hereto as Exhibit D); and

e) December 31, 2001 to December 31, 2002 (policy number 8539795, attached hereto as Exhibit E) (collectively, the "Lexington Policies").

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

34. At all relevant times, the Lexington Policies were valid and enforceable insurance contracts by and between STLCO and Lexington, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

35. Lexington Policies 8898440, 8539655, 8539697 and 8539751 provide that Lexington shall be liable for up to $10,000,000 for “any one Occurrence or Wrongful Act or series of continuous, repeated, or related Occurrences or Wrongful Acts in excess of the Insured's Retained limit, which was $1,000,000.00.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

36. Lexington Policy 8539795 provides that Lexington shall be liable for up to $5,000,000 for “any one Occurrence or Wrongful Act or series of continuous, repeated, or related Occurrences or Wrongful Acts in excess of the Insured's Retained Limit”, which was $2,000,000.00.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

37. Under each Lexington Policy, "Occurrence" means:

(1) An accident or event, including injurious exposure to conditions which result during the policy period, in Bodily Injury or Property Damage, which is neither expected nor intended from the Insured's conduct;

(2) With respect to Personal Injury (except Bodily Injury), one or more offenses committed during the policy period.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

38. Under each Lexington Policy, "Wrongful Act" means "any actual or alleged negligent act, error or omission arising out of the conduct of an Insured in the discharge of duties on behalf of the Named Insured during the Policy Period."

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

39. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Lexington Policies, which provide coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

40. In breach of the Lexington Policies identified above, Lexington has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

41. As a result of Lexington's breach of its obligation to STLCO under the Lexington Policies, STLCO has suffered damage in the amount of Lexington's pro-rated share of $4,635,000.00.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Lexington, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

**Count II – Breach of Contract Against Defendant Insurance Company of the State of Pennsylvania**

42. STLCO restates the allegations in paragraphs 1 through 41, above.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

43. Defendant Insurance Company of the State of Pennsylvania issued nine excess liability insurance policies to STLCO affording coverage for the policy periods of:

a) December 31, 2002 to December 31, 2003 (policy number 47024081, attached hereto as Exhibit F);

b) January 1, 2004 to January 1, 2005, (policy number 47041170, attached hereto as Exhibit G);

c) January 1, 2005 to January 1, 2006(policy number 47052420, attached hereto as Exhibit H);

d) January 1, 2006 to January 1, 2007(policy number 47063384, attached hereto as Exhibit I);

e) January 1, 2007 to January 1, 2008(policy number 7235674, attached hereto as Exhibit J);

f) January 1, 2008 to January 1, 2009(policy number 6907903, attached hereto as Exhibit K);

g) January 1, 2009 to January 1, 2010(policy number 6907903, attached hereto as Exhibit L);

h) January 1, 2010 to January 1, 2011(policy number 6907968, attached hereto as Exhibit M); and

i) January 1, 2011 to January 1, 2012 (policy number 37723019, attached hereto as Exhibit N) (collectively, the "Pennsylvania Policies").

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

44. At all relevant times, the Pennsylvania Policies were valid and enforceable insurance contracts by and between STLCO and Pennsylvania, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

45. The Pennsylvania Policies provide that Pennsylvania shall be liable for up to $5,000,000 for "Any one occurrence or wrongful act or employee benefit wrongful act or series of continuous, repeated, or related occurrences or wrongful acts or employee benefit wrongful acts."

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

46. Each of the Pennsylvania Policies was subject to a $2,000,000.00 retainage.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

47. Under each Pennsylvania Policy, "Occurrence" means "an accident, including continuous, repeated, or related exposure to substantially the same general harmful conditions, which results in bodily injury or property damage neither expected or intended from your standpoint."

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

48. Under each Pennsylvania Policy, "Wrongful Act" means "Any actual or alleged error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance by you…."

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

49. Under each Pennsylvania Policy, "Wrongful Act" also includes "Personal Injury offenses", which includes "any-act, error, or omission constituted by…False arrest, detention or imprisonment".

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

50. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Pennsylvania Policies, and the Pennsylvania Policies provide coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

51. In breach of the Pennsylvania Policies identified above, Pennsylvania has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

52. As a result of Pennsylvania's breach of its obligation to STLCO under the Pennsylvania Policies, STLCO has suffered damage in the amount of Pennsylvania's pro-rated share of $4,635,000.00.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Pennsylvania, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

**Count III – Breach of Contract Against Defendant Starr**

53. STLCO restates the allegations in paragraphs 1 through 52, above.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

54. Defendant Starr issued four Special Excess Liability policies of insurance to STLCO affording coverage for the policy periods of:

a) January 1, 2012 to January 1, 2013 (policy number SISCPEL00014712, attached hereto as Exhibit O);

b) January 1, 2013 to January 1, 2014 (policy number SISCPEL00014713, attached hereto as Exhibit P);

c) January 1, 2014 to January 1, 2015 (policy number 1000005157, attached hereto as Exhibit Q); and

d) January 1, 2015 to January 1, 2016 (policy number 10000051340, attached hereto as Exhibit R) (collectively the "Starr Policies").

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

55. At all relevant times, the Starr Policies were valid and enforceable insurance contracts by and between STLCO and Starr, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

56. The Starr Policies provide that Starr shall be liable for up to $5,000,000 (for policy SISCPEL00014712) or $10,000,000 (for all other Starr Policies) for "Any one occurrence, wrongful act or employee benefit wrongful act or series of continuous, repeated, or related occurrences, wrongful acts or employee benefit wrongful acts in excess of your retained limit."

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

57. Ender [sic] each Starr Policy, the retained limit was $2,000,000.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

58. Under each Starr Policy, "Occurrence" means:

> 1. Bodily injury or property damage, an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one occurrence.

> 2. Personal and advertising Injury, an offense arising out of your business that causes personal and advertising injury. All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one occurrence, regardless of the frequency or repetition thereof, the number or kind of media used or the number of claimants.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

59. Under each Starr Policy, "Wrongful Act" means "Any actual or alleged error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance by you…"

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

60. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Starr Policies, and the Starr Policies provide coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

62. In breach of the Starr Policies identified above, Starr has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

63. As a result of Starr's breach of its obligation to STLCO under the Starr Policies, STLCO has suffered damage in the amount of Starr's pro-rated share of $4,635,000.00.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Starr, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

**Count IV – Breach of Contract Against Defendant Scottsdale**

64. STLCO restates the allegations in paragraphs 1 through 63, above.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

65. Defendant Scottsdale issued STLCO a policy of commercial insurance to STLCO with coverage from January 1, 2016 to January 1, 2017 (policy number PGS0000008, attached hereto as Exhibit S) (the "Scottsdale Policy")

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

66. At all relevant times, the Scottsdale Policy was a valid and enforceable insurance contract by and between STLCO and Pennsylvania, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

67. The Scottsdale Policy provides that Scottsdale shall be liable for up to $10,000,000 for "Any one Occurrence, Wrongful Act or Employee Benefit Wrongful Act in excess of your Retained Limit."

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

68. Under the Scottsdale Policy, the Retained Limit was $2,000,000.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

69. Under the Scottsdale Policy, "Occurrence" means:

> 1. With respect to bodily injury and property damage, any accident, including continuous or repeated exposure to substantially the same general harmful conditions; provided, that all such exposure to substantially the same general harmful conditions will be deemed to arise out of one bodily injury or property damage occurrence; and
>
> 2. With respect to personal and advertising Injury, an offense arising out of your activities that cause personal and advertising injury; provided, that all damages arising from the same, related or repeated injurious material or act will be deemed to arise out of one personal and advertising Injury occurrence, regardless of the frequency or repetition thereof, the number or kind of media used or the number of claimants.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

70. Under the Scottsdale Policy, "Wrongful Act" means "means any actual or alleged error or misstatement, omission, negligent act, or breach of duty including misfeasance, malfeasance, and nonfeasance by you…."

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

71. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Scottsdale Policy, and the Scottsdale Policy provides coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

72. In breach of the Scottsdale Policy identified above, Scottsdale has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

73. As a result of Scottsdale's breach of its obligation to STLCO under the Scottsdale Policies, STLCO has suffered damage in the amount of Scottsdale's pro-rated share of $4,635,000.00.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Scottsdale, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

**<u>Count V – Breach of Contract Against Defendant Allied World</u>**

74. STLCO restates the allegations in paragraphs 1 through 73, above.

**<u>ANSWER</u>:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

75. Defendant Allied World issued STLCO three policies of insurance affording coverage for the policy periods of:

a) January 1, 2017 to March 1, 2018 (policy number 5110-0069-00, attached hereto as Exhibit T and policy number 5111-0083-00, attached as Exhibit U);

b) March 1, 2018 to June 1, 2019 (policy number 5110-0069-01, attached hereto as Exhibit V, and policy number 5111-0083-01, attached as Exhibit W);

c) June 1, 2019 to January 1, 2020 (policy number 5110-0069-02, attached hereto as Exhibit X and policy number 5111-0083-02, attached as Exhibit Y);

(Collectively the "Allied World Policies").

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

76. At all relevant times, the Allied World Policies were valid and enforceable insurance contracts by and between STLCO and Allied World, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

77. The Allied World Policies provide that Allied World shall be liable for up to $10,000,000 for occurrences of "Public Official's Wrongful Acts".

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

78. Under each Allied World Policy, the retained limit was $2,000,000.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

79. Under each Allied World Policy, "Occurrence" means an event, including continuous or repeated exposure to substantially the same generally harmful conditions.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

80. Under each Allied World Policy, "Public Official's Wrongful Act" means any actual or alleged: a. Error or omission, neglect or breach of duty by an insured; b. Violation of civil rights protected under 42 USC 1981 et sequential; or c. Violation of any state civil rights law.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

81. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Allied World Policies, and the Allied World Policies provide coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

82. In breach of the Allied World Policies identified above, Allied World has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

83. As a result of Allied World's breach of its obligation to STLCO under the Allied World Policies, STLCO has suffered damage in the amount of Allied World's pro-rated share of $4,635,000.00.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Allied World, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

**Count VI – Breach of Contract Against Defendant Vantapro**

84. STLCO restates the allegations in paragraphs 1 through 83, above.

**ANSWER:** Vantapro incorporates by reference its responses to Paragraphs 1 through 83 as though fully set forth herein.

85. Defendant Vantapro issued a policy of insurance to STLCO for the policy period of January 1, 2020 through January 1, 2021 (policy number 5515-0010-00, attached hereto as Exhibit Z) (the "Vantapro Policy").

**ANSWER:** Vantapro admits that it issued Policy No. 5155-0010-00 to STLCO for the policy period of January 1, 2020 to January 1, 2021, the terms, conditions, exclusions, and limitations of which speak for themselves. Vantapro denies that the policy number is 5515-0010-00 and denies any characterization inconsistent with the policy.

86. At all relevant times, the Vantapro Policy was a valid and enforceable insurance contract by and between STLCO and Vantapro, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**ANSWER:** Vantapro admits that it issued the Vantapro Policy. Vantapro denies that STLCO performed all of its obligations thereunder, denies that coverage is owed for the Callanan Claims, and denies the remaining allegations of this paragraph.

87. The Vantapro Policy provides that Vantapro shall be liable for up to $10,000,000 for, among other things:

a) those sums in excess of the retained limit that the Insured becomes legally obligated to pay for loss because of bodily injury, property damage, personal injury, or advertising injury caused by an occurrence or an employee benefits wrongful act to which this insurance applies and which takes place in the coverage territory during the policy period.

b) those sums in excess of the retained limit that the insured becomes legally obligated to pay for loss arising out of a law enforcement wrongful act committed in the course and scope of your law enforcement activities to which this insurance applies and which takes place in the coverage territory during the policy period.

c) those sums in excess of the retained limit that the Insured becomes legally obligated to pay for loss arising out of a public officials wrongful act to which this insurance applies and which takes place in the coverage territory during the policy period.

**ANSWER:** The Vantapro Policy speaks for itself. Vantapro denies any allegation inconsistent with its terms and denies that any amount is owed to STLCO.

88. Under the Vantapro Policy, the retained limit was $2,000,000.

**ANSWER:** The Vantapro Policy speaks for itself. To the extent the allegations are inconsistent with its terms, they are denied.

89. Under the Vantapro Policy, "Public officials wrongful act" means "an actual or alleged Breach of duty by an Insured, neglect, error, misstatement, misleading statement or omission by an Insured; or Violation of civil rights protected under 42 USC 1981 et seq., or any similar federal, state, or local law by an Insured; or Violation of any state civil rights law that arises out of the discharge of duties for the Named Insured."

**ANSWER:** The Vantapro Policy speaks for itself. To the extent the allegations are inconsistent with its terms, they are denied.

90. Under the Vantapro Policy, "Law enforcement wrongful act" means "any actual or alleged act, error or omission, neglect or breach of duty, including violation of civil rights law, that results in bodily injury, property damage or personal injury that is committed by an Insured in the course and scope of conducting law enforcement activities for the Named Insured."

**ANSWER:** The Vantapro Policy speaks for itself. To the extent the allegations are inconsistent with its terms, they are denied.

91. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Vantapro Policy, and the Vantapro Policy provides coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**ANSWER:** Denied.

92. In breach of the Vantapro Policy, Vantapro has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**ANSWER:** Denied.

93. As a result of s breach of its obligation to STLCO under the Vantapro Policy, STLCO has suffered damage in the amount of Vantapro's pro-rated share of $4,635,000.00.

**ANSWER:** Denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Vantapro, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

**ANSWER:** Vantapro denies that STLCO is entitled to the relief requested in the WHEREFORE clause following Paragraph 93, or to any relief whatsoever from Vantapro.

**Count VII – Breach of Contract Against Defendant Gemini**

94. STLCO restates the allegations in paragraphs 1 through 93, above.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

95. Defendant Gemini issued a policy of insurance to STLCO for the policy period of January 1, 2021 through January 1, 2022 (policy number PEM0000205-00, attached hereto as Exhibit AA) (the "Gemini Policy").

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

96. At all relevant times, the Gemini Policy was a valid and enforceable insurance contract by and between STLCO and Gemini, and STLCO has performed all of its obligations thereunder, including payment of necessary premiums.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

97. The Gemini Policy provides that Gemini shall be liable for up to $5,000,000 for, among other things, expenses incurred by STLCO in excess of its retained limits as the result of an "occurrence".

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

98. Under the Gemini Policy, the retained limit was $2,000,000.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

99. Under the Gemini Policy, an "occurrence" includes "personal injury," defined to include "false arrest, false imprisonment, wrongful detention or malicious prosecution."

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

100. The acts and omissions made the subject of the Callanan Claims constitute occurrences or wrongful acts under the Gemini Policy, and the Gemini Policy provides coverage to STLCO for the loss suffered by STLCO as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

101. In breach of the Gemini Policy, Gemini has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

102. As a result of Gemini's breach of its obligation to STLCO under the Gemini Policy, STLCO has suffered damage in the amount of Gemini's pro-rated share of $4,635,000.00.

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and against Defendant Gemini, awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs

**ANSWER:** The allegations contained in this paragraph are directed to parties other than Vantapro, and therefore no response is required. To the extent the allegations are deemed to apply to Vantapro, they are denied.

**Count VIII – Declaratory Judgment As to All Parties Concerning Allocation Of Damages Against All Defendants**

103. STLCO restates the allegations in paragraphs 1 through 102, above.

**ANSWER:** Vantapro incorporates by reference its responses to Paragraphs 1 through 102 as though fully set forth herein.

104. STLCO made its payment of the Callanan Claim to, in part, obtain Mr. Callanan's release of his cause of action against the County with respect to the injuries Callanan was alleged to have suffered every day during a period of time exceeding twenty-four years, from 1996 to at least May of 2020.

**<u>ANSWER</u>:** Vantapro lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

105. Callanan's injuries, and the consequent damages sought by Callanan from STLCO, constitute serial, daily injuries that Mr. Callanan claims he endured spanning a period of time within which all Defendants provided coverage with respect to the Callanan Claim under the multiple policies described above.

**<u>ANSWER</u>:** Denied. Vantapro specifically denies that the Callanan Claims are covered under the Vantapro Policy and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Callanan's alleged injuries and the coverage provided by the other Defendant Insurers, and therefore denies the same.

106. Due to the "continuous damage over a long period of time and [the involvement of] multiple policies … in effect during [thus] period of time"[1] this Court should apply a pro-rata methodology to appropriate STLCO's damages as between the Defendants "proportionately across the entire period" of time Callanan alleges he was suffering the injuries and harms comprising the Callanan Claim.[2]

**<u>ANSWER</u>:** The allegations of this paragraph state legal conclusions to which no response is required. To the extent a response is required, Vantapro denies the allegations and denies that STLCO is entitled to any relief from Vantapro.

WHEREFORE, Plaintiff STLCO requests that this Court enter judgment in its favor and declare that each of the Insurer defendants awarding STLCO damages in an amount to exceed Twenty-Five Thousand Dollars ($25,000.00), as well as prejudgment and post-judgment interest, attorneys' fees and costs.

---

[1] *Northrup Grumman v. Employers Inc.*, 612 S.W.3d 1, 8 (Mo. App. E.D. 2020).
[2] *Nooter Corp. v. Allianz,* 536 S.W.3d 251, 264 (Mo. App. E.D. 2017).

**ANSWER:** Vantapro denies that STLCO is entitled to the relief requested in the WHEREFORE clause following Paragraph 106, or to any relief whatsoever from Vantapro.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendant Vantapro Specialty Insurance Company respectfully requests that the Court enter judgment in its favor and against Plaintiff, St. Louis County, dismiss Plaintiff's Petition against Vantapro with prejudice, and award Vantapro its costs and such other and further relief as the Court deems just and proper.

**DEFENSES**

Defendant, Vantapro Specialty Insurance Company ("Vantapro"), by and through its attorneys, sets forth the following defenses to apprise the parties and the Court of certain applicable defenses. Vantapro reserves the right to reevaluate, supplement, restate, or assert additional defenses as this matter proceeds and as permitted by applicable law. By asserting a defense, Vantapro does not assume any burden of proof that applicable law places on another party. Vantapro alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to assert them by amendment to this Answer.

Plaintiff, STLCO, alleges Vantapro has wrongfully refused to afford coverage to STLCO and indemnify STLCO for any portion of the payment STLCO made as a result of the Callanan Claims, under Vantapro Policy No. 5155-0010-00, effective January 1, 2020 to January 1, 2021 (the "Vantapro Policy"). Vantapro asserts the following defenses relative to Plaintiff's claims.

**FIRST DEFENSE**
**(Failure to State a Claim)**

1. STLCO's Petition fails to state a claim for relief against Vantapro because it does not allege facts that, even if accepted, bring the Callanan Claims within the coverage afforded by the Vantapro Policy. Vantapro further denies that Plaintiff has established any right to payment, defense, indemnity, or declaratory relief.

**SECOND DEFENSE**
**(Public Officials Liability: Public Officials Wrongful Act Must Take Place During the Policy Period)**

2. The Public Officials Liability insuring agreement applies only to loss arising out of a public officials' wrongful act "which takes place in the coverage territory during the policy period." The Vantapro Policy period runs from January 1, 2020 to January 1, 2021. STLCO's Petition alleges that the prosecution and conviction of Callanan occurred in 1996, more than twenty-three years before the Vantapro Policy incepted. The alleged public officials wrongful act

therefore did not take place during the Vantapro Policy period, and Vantapro's Public Officials Liability coverage does not apply.

**THIRD DEFENSE**
**(Public Officials Liability: Related Acts Treated as a Single Public Officials Wrongful Act)**

3. The Vantapro Policy provides that "[e]ach and every public officials' wrongful act arising out of continuous, repeated or related acts, errors or omissions shall be treated as a single public officials wrongful act, and the Limits of Insurance in effect at the time of the first public officials wrongful act shall apply." The alleged prosecution, conviction, and resulting incarceration of Callanan arise from related acts that first took place in 1996, before the inception of the Vantapro Policy, and therefore constitute a single public officials' wrongful act that did not take place during the Vantapro Policy period.

**FOURTH DEFENSE**
**(All Coverages: Known Injury or Wrongful Act – "continuation, change or resumption")**

4. The Vantapro Policy provides that if any Insured knew or had reason to know prior to the policy period that the bodily injury, personal injury, law enforcement wrongful act, or public officials wrongful act "occurred, was committed or took place, in whole or in part, then any continuation, change or resumption of such [injury or wrongful act] will be deemed to have been known prior to the policy period." STLCO knew of Callanan's 1996 prosecution, conviction, and incarceration long before January 1, 2020. Any injury or wrongful act alleged during the Vantapro Policy period is a continuation of injury and conduct deemed known prior to the policy period, and coverage is barred under the General Liability, Law Enforcement Liability, and Public Officials Liability coverages.

**FIFTH DEFENSE**
**(Public Officials and General Liability: Law Enforcement Wrongful Act Exclusion)**

5. Exclusion 35 provides that, with respect to coverage under General Liability and Public Officials Liability, the Vantapro Policy does not apply to "any liability or injury caused by,

contributing to, resulting from, or arising out of any aspect of a law enforcement wrongful act." The Vantapro Policy defines law enforcement activities to include "[a]ny criminal prosecution activity by judicial officers and staff other than public defenders." The Callanan Claims arise from the alleged prosecution, conviction, detention, and imprisonment of Callanan and therefore fall within Exclusion 35 to the extent the General Liability or Public Officials Liability coverage is invoked.

**SIXTH DEFENSE**
**(Public Officials Liability: Bodily Injury, Property Damage, Personal Injury or Advertising Injury Exclusion)**

6. Exclusion 5.b provides that, with respect to coverage under Public Officials Liability, the Vantapro Policy does not apply to "any bodily injury, property damage, personal injury or advertising injury." STLCO seeks recovery for alleged personal and bodily injuries Callanan sustained during his incarceration and, therefore, Exclusion 5.b independently bars STLCO's claims under the Public Officials Liability coverage.

**SEVENTH DEFENSE**
**(All Coverages: Fraud, Dishonesty, or Criminal Act or Omission Exclusion)**

7. Exclusion 25 bars "[a]ny liability based upon, attributable to, arising out of, resulting from, in consequence of, or in any way directly or indirectly involving fraud, dishonesty or criminal act or omission committed by or at the direction of the Insured." To the extent the Callanan Claims are based on alleged fraudulent, dishonest, or criminal conduct in the prosecution, conviction, or incarceration of Callanan, the exclusion bars coverage.

**EIGHTH DEFENSE**
**(All Coverages: Violation of Law, Ordinance or Regulation Exclusion)**

8. Exclusion 57 bars loss arising out of "[t]he intentional violation of any federal, state or local statute, ordinance, rule or regulation, or the violation of any court order or judgment . . . committed by or with the knowledge or consent of the Insured." To the extent the Callanan Claims

rely on any alleged intentional violation of any federal, state, or local statute, ordinance, rule or regulation by STLCO, Exclusion 57 bars coverage.

**NINTH DEFENSE**
**(Law Enforcement Liability: Law Enforcement Wrongful Act Must Take Place During the Policy Period)**

9. The Law Enforcement Liability insuring agreement applies only to loss arising out of a law enforcement wrongful act "which takes place in the coverage territory during the policy period." The Vantapro Policy further provides that "[e]ach and every law enforcement wrongful act arising out of continuous, repeated or related acts, errors or omissions committed in the course and scope of your law enforcement activities shall be treated as a single law enforcement wrongful act, and the Limits of Insurance in effect at the time of the first law enforcement wrongful act shall apply." The alleged 1996 prosecution and conviction of Callanan, and his resulting incarceration, constitute a single law enforcement wrongful act that took place before the Vantapro Policy period.

**TENTH DEFENSE**
**(General and Law Enforcement Liability: Bodily Injury Arising Out of Personal Injury Exclusion)**

10. Exclusion 5.a bars "[b]odily injury arising out of personal injury or advertising injury." The Vantapro Policy defines personal injury to include injury arising out of "[f]alse arrest, false detention or false imprisonment" and "[m]alicious prosecution." To the extent the Callanan Claims seek recovery for bodily injury arising out of the alleged wrongful prosecution, detention, or imprisonment of Callanan, Exclusion 5.a bars coverage.

**ELEVENTH DEFENSE**
**(General Liability: No Offense During the Policy Period)**

11. The General Liability insuring agreement applies only to loss because of personal injury "caused by an occurrence . . . which takes place in the coverage territory during the policy period." With respect to personal injury, occurrence means "a covered offense." "Personal injury" means "injury, including consequential 'bodily injury,' arising out of one or more of the following

'offenses': a. False arrest, false detention, or false imprisonment; b. Malicious prosecution." The Callanan Claims are rooted in his 1996 prosecution, conviction, and incarceration, which involve personal injury offenses committed before the inception of the Vantapro Policy period. Vantapro's General Liability coverage therefore does not apply.

**TWELFTH DEFENSE**
**(General and Law Enforcement Liability: Public Officials Liability Exclusion)**

12. Exclusion 46 provides that, with respect to coverage under General Liability and Law Enforcement Liability, the Vantapro Policy does not apply to "any public officials wrongful acts." To the extent the Callanan Claims arise out of an alleged breach of duty, neglect, error, or civil rights violation by STLCO's officials in the discharge of their duties, Exclusion 46 bars coverage under the General Liability and Law Enforcement Liability coverages.

**THIRTEENTH DEFENSE**
**(General Liability: Expected or Intended Injury Exclusion)**

13. To the extent STLCO invokes General Liability coverage, Exclusion 22 bars "[b]odily injury or property damage expected or intended from the standpoint of the Insured." To the extent the Callanan Claims allege bodily injury resulting from intentional and malicious prosecution, Exclusion 22 bars coverage.

**FOURTEENTH DEFENSE**
**(Retained Limit and Limits of Insurance)**

14. Each Vantapro coverage part is subject to a $2,000,000 retained limit, which applies separately to each occurrence, law enforcement wrongful act, and public officials wrongful act. The retained limit is not eroded by amounts for any occurrence or wrongful act that takes place prior to the policy period, and the Vantapro Policy will not drop down below the retained limit. Accordingly, STLCO's claims are barred or limited unless and until the entire applicable retained limit is properly satisfied in accordance with the Vantapro Policy.

**FIFTEENTH DEFENSE**
**(Two or More Insuring Agreements)**

15. The Vantapro Policy provides that if multiple insuring agreements apply to the same related claim or suit, "only one Limit of Insurance and one retained limit shall apply to such claim or suit." To the extent any coverage is owed, which Vantapro denies, only one Limit of Insurance and one retained limit may apply to the Callanan Claims.

**SIXTEENTH DEFENSE**
**(Settlement and Consent Conditions)**

16. The Vantapro Policy provides that Vantapro "will not pay any claim, suit, or defense costs that the Insured offers or agrees to pay in excess of the retained limit unless the Insured obtains our prior written approval," and that no Insured will "voluntarily make a payment, assume an obligation or incur any expense in excess of the retained limit without our written consent." To the extent the required prior written consent was not obtained for the Callanan Settlement, coverage is barred or limited.

**SEVENTEENTH DEFENSE**
**(Other Insurance, Non-Cumulation, and Allocation)**

17. The Vantapro Policy applies excess of other valid and collectible insurance. Its Limits of Insurance apply separately to each consecutive annual period, and related occurrences and wrongful acts are subject to the Limits of Insurance in effect at the time of the first occurrence or wrongful act. Any covered allocation must account for the entire alleged loss period, other available insurance, the $2,000,000 retained limit, and all uninsured or self-insured periods. Accordingly, Vantapro cannot have any insurance obligation to STLCO until the applicable retained limit and all applicable other insurance have been exhausted.

**EIGHTEENTH DEFENSE**
**(Sovereign Immunity and Alternative Dispute Resolution)**

18. All rights under the Vantapro Policy are subject to its Sovereign Immunity and Damage Caps condition, the Non-Waiver of Sovereign or Official Immunity – Missouri endorsement, and its mediation and arbitration condition, as amended by the Missouri Amendatory

Endorsement. Vantapro does not waive, and expressly reserves, any right to invoke those provisions or any other applicable policy condition, limitation, exclusion, or remedy.

WHEREFORE, Defendant Vantapro Specialty Insurance Company prays for judgment in its favor and against Plaintiff St. Louis County, for its costs of this action, and for such further relief as the Court deems just and proper.

**COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Defendant, Vantapro Specialty Insurance Company ("Vantapro"), brings this Counterclaim against Plaintiff St. Louis County ("STLCO") concerning the policy issued by Vantapro identified in STLCO's Petition. Vantapro seeks a declaration that it has no duty to defend, indemnify, or pay any amount for the Callanan Claims under the Vantapro Policy. In support of its Counterclaim, Vantapro alleges as follows:

**PARTIES**

1. Vantapro Specialty Insurance Company is a defendant in this action and issued the insurance policy identified below to STLCO. Vantapro is an Arkansas corporation with its principal place of business located in New York.

2. STLCO is the Plaintiff and a political subdivision of the State of Missouri. STLCO seeks coverage and payment from Vantapro for the Callanan Claims and the Callanan Settlement.

**JURISDICTION & VENUE**

3. Vantapro brings this Counterclaim seeking a declaratory judgment that it has no duty to defend or indemnify STLCO with respect to the Callanan Claims or the Callanan Settlement under the Vantapro Policy.

4. This Counterclaim arises from an actual, ripe, and justiciable controversy between Vantapro and STLCO concerning whether the Vantapro Policy provides coverage for the Callanan Claims or the Callanan Settlement.

5. This Court has jurisdiction under 28 U.S.C. § 1332, as established in connection with removal, because the parties' controversy exceeds $75,000 and because Vantapro and STLCO are citizens of different states.

6. The Court has authority to declare the parties' rights and legal relations under 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this Court following removal and under applicable federal venue law because this action concerns an insurance policy issued to STLCO and claims arising in or connected with the Eastern District of Missouri.

**FACTUAL BACKGROUND**

**I. The Underlying Claim**

8. The Callanan Claims and STLCO's lawsuit arise from the prosecution and conviction of Lawrence Callanan for murder in St. Louis County Circuit Court in 1996, and his resulting imprisonment. *See* STLCO's Petition, ¶¶ 1, 12.

9. Callanan was convicted of murder in St. Louis County Circuit Court in 1996 and sentenced to life in prison, plus 30 years. Petition, ¶ 12.

10. On May 30, 2020, the Supreme Court of Missouri entered an Order setting aside Callanan's conviction, resulting in Callanan's release from prison shortly thereafter. Petition, ¶¶ 1, 13.

11. According to STLCO, the Supreme Court granted Callanan's request for *habeas corpus* relief based in large part ona finding of misconduct by the lead prosecutor, who at all times was acting in the course and scoipe of his employment by STLCO. Petition, ¶ 1.

12. After his exoneration and release, Callanan is alleged to have retained counsel and made a substantial demand for compensation upon STLCO to compensate him for the injuries suffered by virtue of his unlawful conviction and ensuing imprisonment, which lasted more than twenty-four years. Petition, ¶¶ 2, 15.

13. STLCO and Callanan allegedly entered into a settlement on July 30, 2021, for $6,625,000, and STLCO allegedly paid that amount on or about August 6, 2021. Petition, ¶¶ 24, 27.

**II. The Vantapro Policy**

14. Vantapro issued Public Risk Special Excess Retained Limit Policy No. 5155-0010-00 to STLCO, effective January 1, 2020 to January 1, 2021 (the "Vantapro Policy"). A true and correct copy of the Vantapro Policy is attached hereto as **Exhibit A**.

15. As is relevant to this matter, the Vantapro Policy provides, among other coverages, General Liability coverage ("GL Coverage"), Law Enforcement Liability coverage ("LEL Coverage"), and Public Officials Liability coverage ("POL Coverage"). (Ex. A at pp. 1, 4.)

16. The Vantapro Policy provides limits of $10,000,000 Each Occurrence and $12,000,000 General Aggregate for the GL Coverage, $10,000,000 Each Law Enforcement Wrongful Act and $12,000,000 Aggregate for the LEL Coverage, and $10,000,000 Each Public Officials Wrongful Act and $12,000,000 Aggregate for the POL Coverage, each in excess of a $2,000,000 Retained Limit. (Ex. A at pp. 1–2.)

17. The GL Coverage of the Vantapro Policy provides in relevant part as follows:

> We will pay on behalf of the Insured those sums in excess of the retained limit that the Insured becomes legally obligated to pay for loss because of bodily injury, property damage, personal injury, or advertising injury caused by an occurrence or an employee benefits wrongful act to which this insurance applies and which takes place in the coverage territory during the policy period.
>
> (Ex. A at p. 4.)

18. The LEL Coverage of the Vantapro Policy provides in relevant part as follows:

> We will pay on behalf of the Insured those sums in excess of the retained limit that the Insured becomes legally obligated to pay for loss arising out of a law enforcement wrongful act committed in the course and scope of your law enforcement activities to which this insurance applies and which takes place in the coverage territory during the policy period.
>
> (Ex. A at p. 4.)

19. The POL Coverage of the Vantapro Policy provides in relevant part as follows:

> We will pay on behalf of the Insured those sums in excess of the retained limit that the Insured becomes legally obligated to pay for loss arising out of a public officials wrongful act to which this insurance applies and which takes place in the coverage territory during the policy period.

(Ex. A at p. 4.)

20. The Vantapro Policy further provides that if any Insured "knew or had reason to know prior to the policy period that the bodily injury, property damage, personal injury, advertising injury, employee benefits wrongful act, law enforcement wrongful act, public officials wrongful act, or employment practices wrongful act occurred, was committed or took place, in whole or in part, then any continuation, change or resumption of such [injury or wrongful act] will be deemed to have been known prior to the policy period." (Ex. A at p. 5.)

21. The Vantapro Policy defines "occurrence" as: "a. With respect to bodily injury or property damage liability, an accident, including continuous or repeated exposure to substantially the same general harmful conditions[;] b. With respect to personal injury or advertising injury, a covered offense." (Ex. A at p. 38.)

22. The Vantapro Policy defines "bodily injury" as "physical injury to a person's body, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time," and provides that bodily injury "includes mental anguish, mental injury, humiliation and shock if resulting directly from such physical injury." (Ex. A at p. 31.) The GL Coverage applies to bodily injury only if it is "caused by an occurrence" that "takes place in the coverage territory during the policy period," and, with respect to bodily injury, "occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. A at pp. 4, 38.)

23. The Vantapro Policy defines "personal injury," for purposes of the GL Coverage and LEL Coverage, in relevant part as "injury, including consequential bodily injury, arising out of one or more of the following offenses: a. False arrest, false detention or false imprisonment; b. Malicious prosecution . . . ." (Ex. A at pp. 38–39.)

24. The Vantapro Policy defines "law enforcement wrongful act" as "any actual or alleged act, error or omission, neglect or breach of duty, including violation of civil rights law, that

results in bodily injury, property damage or personal injury that is committed by an Insured in the course and scope of conducting law enforcement activities for the Named Insured." (Ex. A at p. 36.)

25. The Vantapro Policy defines "law enforcement activities" to include "[a]ny official activity, function or operation conducted by you or on your behalf in the course of your law enforcement operations" and "[a]ny criminal prosecution activity by judicial officers and staff other than public defenders." (Ex. A at pp. 35–36.)

26. The Vantapro Policy further provides that "[e]ach and every law enforcement wrongful act arising out of continuous, repeated or related acts, errors or omissions committed in the course and scope of your law enforcement activities shall be treated as a single law enforcement wrongful act, and the Limits of Insurance in effect at the time of the first law enforcement wrongful act shall apply." (Ex. A at pp. 29–30.)

27. The Vantapro Policy defines "public officials wrongful act" as "an actual or alleged: a. Breach of duty by an Insured, neglect, error, misstatement, misleading statement or omission by an Insured; or b. Violation of civil rights protected under 42 USC 1981 et seq., or any similar federal, state, or local law by an Insured; or c. Violation of any state civil rights law; that arises out of the discharge of duties for the Named Insured." (Ex. A at pp. 41–42.)

28. The Vantapro Policy further provides that "[e]ach and every public officials wrongful act arising out of continuous, repeated or related acts, errors or omissions shall be treated as a single public officials wrongful act, and the Limits of Insurance in effect at the time of the first public officials wrongful act shall apply." (Ex. A at p. 29.)

29. The Vantapro Policy also excludes from the GL Coverage and POL Coverage "any liability or injury caused by, contributing to, resulting from, or arising out of any aspect of a law enforcement wrongful act" (Exclusion 35) (Ex. A at p. 16); excludes from the GL Coverage and LEL Coverage "any public officials wrongful acts" (Exclusion 46) (Ex. A at p. 21); and excludes

from the POL Coverage "any bodily injury, property damage, personal injury or advertising injury" (Exclusion 5.b) (Ex. A at p. 10).

30. The Vantapro Policy also provides that it applies excess of other valid and collectible insurance, that the retained limit must be satisfied and is not eroded by amounts for any occurrence or wrongful act taking place prior to the policy period, and that limits apply separately to each consecutive annual period. (Ex. A at pp. 26–27, 29, 46.) These provisions require any allocation to account for STLCO's retained amounts, available insurance, and uninsured or self-insured years rather than cumulating all policy limits.

31. STLCO tendered the Callanan claim to Allied World on or about May 12, 2021. A true and correct copy of STLCO's notice of loss and tender is attached as **Exhibit B**.

**COUNT I – DECLARATORY JUDGMENT**
**(GL Coverage—No "Personal Injury" Caused by an Offense During the Policy Period)**

32. The GL Coverage of the Vantapro Policy provides coverage for loss because of personal injury only if the personal injury is caused by an occurrence, defined, with respect to personal injury, as "a covered offense," which takes place in the coverage territory during the policy period. (Ex. A at pp. 4, 38.)

33. The Vantapro Policy defines "personal injury" in relevant part as injury "arising out of one or more of the following offenses: a. False arrest, false detention or false imprisonment; b. Malicious prosecution . . . ." (Ex. A at p. 39.)

34. All of the conduct alleged in the Callanan Claims falls within the meaning of a personal injury offense under the Vantapro Policy, including Callanan's alleged wrongful prosecution, conviction, and the commencement of his detention and imprisonment, all of which took place in 1996, more than twenty-three years before the Vantapro Policy incepted on January 1, 2020.

35. In addition, because the alleged prosecution of Callanan constitutes criminal prosecution activity within the definition of law enforcement activities, Exclusion 35 bars GL Coverage for any liability or injury arising out of any aspect of a law enforcement wrongful act. (Ex. A at pp. 16, 36.)

36. Therefore, the Callanan Claims do not potentially allege personal injury caused by an offense that took place during the Vantapro Policy period, and there is no potential for coverage under the GL Coverage.

37. There is an actual, ripe, and justiciable controversy concerning whether Vantapro has any obligation to defend, indemnify, or pay any amount to STLCO in connection with the Callanan Claims or the Callanan Settlement.

38. Vantapro is entitled to a declaratory judgment that it has no duty to defend or indemnify STLCO under the GL Coverage in connection with the Callanan Claims or the Callanan Settlement.

WHEREFORE, Vantapro respectfully requests that this Court declare and adjudicate that Vantapro has no duty to defend or indemnify STLCO in connection with the Callanan Claims or the Callanan Settlement under the GL Coverage of the Vantapro Policy.

## COUNT II – DECLARATORY JUDGMENT
## (LEL Coverage—No "Law Enforcement Wrongful Act" That Took Place During the Policy Period)

39. The LEL Coverage of the Vantapro Policy provides coverage for "loss arising out of a law enforcement wrongful act committed in the course and scope of [STLCO's] law enforcement activities," but only if the law enforcement wrongful act "takes place in the coverage territory during the policy period." (Ex. A at p. 4.)

40. The Vantapro Policy defines "law enforcement wrongful act" as an act, error or omission, neglect or breach of duty "committed by an Insured in the course and scope of conducting law enforcement activities," and defines law enforcement activities to include "[a]ny

criminal prosecution activity by judicial officers and staff other than public defenders." (Ex. A at p. 36.)

41. The Vantapro Policy further provides that each law enforcement wrongful act arising out of continuous, repeated or related acts, errors or omissions "shall be treated as a single law enforcement wrongful act, and the Limits of Insurance in effect at the time of the first law enforcement wrongful act shall apply." (Ex. A at pp. 29–30.)

42. The act, error or omission alleged in the Callanan Claims are the alleged wrongful prosecution and conviction of Callanan, which took place in 1996, more than twenty-three years before the Vantapro Policy incepted on January 1, 2020. Further, STLCO does not claim that an independent law enforcement wrongful act was committed during the Vantapro Policy period.

43. Moreover, STLCO knew or had reason to know of the alleged prosecution and conviction of Callanan long before the inception of the Vantapro Policy, and any continuation of such law enforcement wrongful act is deemed known prior to the policy period. (Ex. A at p. 5.)

44. Therefore, the Callanan Claims do not potentially allege a law enforcement wrongful act that took place during the Vantapro Policy period, and the Vantapro Policy does not provide coverage for the Callanan Claims or the Callanan Settlement under the LEL Coverage.

45. There is an actual, ripe, and justiciable controversy concerning whether Vantapro has any obligation to defend, indemnify, or pay any amount to STLCO in connection with the Callanan Claims or the Callanan Settlement.

46. Vantapro is entitled to a declaratory judgment that it has no duty to defend or indemnify STLCO under the LEL Coverage in connection with the Callanan Claims or the Callanan Settlement.

WHEREFORE, Vantapro respectfully requests that this Court declare and adjudicate that Vantapro has no duty to defend or indemnify STLCO in connection with the Callanan Claims or the Callanan Settlement under the LEL Coverage of the Vantapro Policy.

**COUNT III – DECLARATORY JUDGMENT**
**(POL Coverage—No "Public Officials Wrongful Act" That Took Place During the Policy Period)**

47. The POL Coverage of the Vantapro Policy provides coverage for "loss arising out of a public officials wrongful act," but only if the public officials wrongful act "takes place in the coverage territory during the policy period." (Ex. A at p. 4.)

48. The Vantapro Policy defines "public officials wrongful act" as an actual or alleged breach of duty, neglect, error, misstatement, misleading statement or omission, or civil rights violation by an Insured "that arises out of the discharge of duties for the Named Insured." (Ex. A at p. 41.)

49. The Vantapro Policy further provides that each public officials wrongful act arising out of continuous, repeated or related acts, errors or omissions "shall be treated as a single public officials wrongful act, and the Limits of Insurance in effect at the time of the first public officials wrongful act shall apply." (Ex. A at p. 29-30.)

50. The first act, error or omission alleged in the Callanan Claims, the alleged wrongful prosecution and conviction of Callanan, took place in 1996, more than twenty-three years before the Vantapro Policy incepted on January 1, 2020, and STLCO knew or had reason to know of that alleged conduct long before the Vantapro Policy period. Callanan's later incarceration, release, demand, and settlement do not create a new public officials wrongful act taking place during the Vantapro Policy period. Further, STLCO does not claim that an independent public officials wrongful act occurred during the Vantapro Policy period.

51. In addition, the POL Coverage of the Vantapro Policy excludes any bodily injury or personal injury (Exclusion 5.b) and any liability or injury arising out of any aspect of a law enforcement wrongful act (Exclusion 35), including criminal prosecution activity. (Ex. A at pp. 10, 16, 36.)

52. Therefore, the Callanan Claims do not potentially allege a public officials wrongful act that took place during the Vantapro Policy period, and the Vantapro Policy does not provide coverage for the Callanan Claims or the Callanan Settlement under the POL Coverage.

53. There is an actual, ripe, and justiciable controversy concerning whether Vantapro has any obligation to defend, indemnify, or pay any amount to STLCO in connection with the Callanan Claims or the Callanan Settlement.

54. Vantapro is entitled to a declaratory judgment that it has no duty to defend or indemnify STLCO under the POL Coverage in connection with the Callanan Claims or the Callanan Settlement.

WHEREFORE, Vantapro respectfully requests that this Court declare and adjudicate that Vantapro has no duty to defend or indemnify STLCO in connection with the Callanan Claims or the Callanan Settlement under the POL Coverage of the Vantapro Policy.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant, Vantapro Specialty Insurance Company, respectfully requests that this Court enter judgment in its favor and against Plaintiff and Counterclaim-Defendant, St. Louis County: (1) declaring that Vantapro has no duty to defend or indemnify STLCO in connection with the Callanan Claims or the Callanan Settlement under the GL Coverage, LEL Coverage, or POL Coverage of the Vantapro Policy; and (2) granting such other and further relief as this Court deems just and proper.

Dated: October 12, 2026

Respectfully Submitted,

/s/ *Craig M. Leff*

Craig M. Leff, #43446
Adam Fleischer (*pro hac vice* forthcoming)
Kristin M. Johnson Holevas (*pro hac vice* forthcoming)
BATESCAREY LLP
191 North Wacker Drive, Suite 2400

Chicago, IL 60606
Telephone: 312-762-3100
Facsimile: 312-762-3200
cleff@batescarey.com
afleischer@batescarey.com
kholevas@batescarey.com

***Counsel for Vantapro Specialty Insurance Company***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served through the Court's e-Filing system on October 12, 2026.

/s/ *Craig M. Leff*